IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**Karen Morland,**

      **Plaintiff,**

v.                                         Case No. 04-2610-JWL

**Farmers State Bank,**

      **Defendant.**

## MEMORANDUM AND ORDER

Plaintiff filed suit against her former employer, a bank located in Westmoreland, Pottawatomie County, Kansas, alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., the Age Discrimination in Employment Act, 29 U.S.C.§ 621 et seq., and the Kansas Act Against Discrimination, K.S.A. § 44-1001 et seq. One day after filing this suit, plaintiff filed an identical action in state court. This matter is presently before the court on defendant's motion to dismiss or, in the alternative, to stay proceedings pursuant to the *Colorado River* Doctrine (doc. 9). As set forth in more detail below, the court denies the motion.

The *Colorado River* Doctrine controls when deciding, as the court must here, whether to dismiss or stay a federal suit pending the resolution of a parallel state court proceeding. *Rienhardt v. Kelly*, 164 F.3d 1296, 1302 (10th Cir. 1999) (citing *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817-18 (1976); *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 717 (1996) ("federal courts have the power to refrain from hearing cases . . . which are duplicative of a pending state proceeding")). In *Colorado River*, the Supreme Court

held that judicial economy concerns may justify deferral of a federal suit when pending state litigation will resolve the issues presented in the federal case. *Id*. (citing *Colorado River*, 424 U.S. at 817-20). The justification for deferral in such an instance is to preserve judicial resources. *Id*. Because the *Colorado River* Doctrine springs from the desire for judicial economy, rather than from constitutional concerns about federal-state comity, and because the *Colorado River* Doctrine is an exception to the jurisdictional mandate from Congress, the Doctrine may only be used when "the clearest of justifications . . . warrant[s] dismissal." *Id*. at 1303 (quoting *Colorado River*, 424 U.S. at 819).

Thus, while *Colorado River*'s judicial economy goals allow a federal court to avoid the "virtually unflagging obligation ... to exercise the jurisdiction given [it]," *id*. (quoting *Colorado River*, 424 U.S. at 818), the appropriate circumstances for deferral under the Colorado River Doctrine are "considerably more limited than the circumstances appropriate for abstention" and must be "exceptional." *Id*. (quoting *Colorado River*, 424 U.S. at 817-18). Hence the court's "task in cases such as this is not to find some substantial reason for the exercise of federal jurisdiction . . . ; rather, the task is to ascertain whether there exist exceptional circumstances, the clearest of justifications, that can suffice under *Colorado River* to justify the surrender of the jurisdiction." *Id*. (quoting *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp*., 460 U.S. 1, 25-26 (1983)). Simply stated, "[d]espite the temptation for federal courts to use the Doctrine as a means of stemming the rising tide of litigation, suits in federal court are not easily swept away by *Colorado River*." *Id*.

Before reaching the deferral issue, the court must determine "whether the state and federal proceedings are parallel." *Allen v. Board of Educ., Unified Sch. Dist. 436*, 68 F.3d 401, 403 (10th Cir. 1995) (quoting *Fox v. Maulding*, 16 F.3d 1079, 1081 (10th Cir. 1994)). Suits are parallel if "substantially the same parties litigate substantially the same issues in different forums." *Id.* (quoting *Fox*, 16 F.3d at 1081). The court examines "the state proceedings *as they actually exist* to determine whether they are parallel to the federal proceedings, resolving any doubt in favor of exercising federal jurisdiction." *Id.* (quoting *Fox*, 16 F.3d at 1081-82). If the cases are not parallel, the court exercises jurisdiction. *Id.* If the cases are parallel, the court must decide whether to surrender jurisdiction until the conclusion of state court proceedings. *Id.*

Plaintiff in this case concedes at the outset that she has filed "parallel" actions for purposes of a *Colorado River* analysis. Indeed, the record reflects that her state court petition sets forth claims identical to those claims set forth in her federal court complaint based on facts identical to those facts asserted in her federal court complaint. The defendant is the same in both cases. There is no question, then, that the proceedings are parallel. The court, then, proceeds to decide whether surrender of jurisdiction is appropriate in this case. As explained below, because the court can find no clear justification warranting deferral, the court declines to surrender jurisdiction in this case and denies defendant's motion.

In *Colorado River*, the Court counseled lower courts, in assessing the appropriateness of deferral in the event of an exercise of concurrent jurisdiction, to consider such factors as whether either court has assumed jurisdiction over property; the inconvenience of the federal forum; the desirability of avoiding piecemeal litigation; and the order in which jurisdiction was obtained by

the concurrent forums.  *See* 424 U.S. at 818.  The Court discussed several other factors in *Moses H. Cone*, such as the vexatious or reactive nature of either the federal or the state action; whether federal law provides the rule of decision; and the adequacy of the state court action to protect the federal plaintiff's rights.  *Fox*, 16 F.3d at 1082 (citations omitted).

While no single factor is dispositive, *id.* (quoting *Moses H. Cone*, 460 U.S. at 16), the Supreme Court has counseled that the "presence of federal-law issues must always be a major consideration weighing against surrender" of jurisdiction.  *Moses H. Cone*, 460 U.S. at 26.  It is beyond dispute that federal issues predominate in this case.  Plaintiff has filed claims under Title VII, the ADA and the ADEA–all federal employment anti-discrimination statutes.  While she has also filed claims under the Kansas anti-discrimination statute, the federal claims will predominate as plaintiff concedes that her Kansas claims largely become moot in her federal action in light of the damages limitation contained within the state statute.  The nature of plaintiff's claims, then, weigh strongly against surrendering jurisdiction.

Moreover, none of the other factors set forth by the Supreme Court provide a clear justification for the surrender of jurisdiction.  Defendant contends that the federal forum is inconvenient in that the federal courthouse is a two-hour drive from the location of the bank.  According to defendant, it would be very difficult for defendant to adequately staff the bank while witnesses were required to travel such a distance to and from trial.  While the court understands that the distance may not be ideal for defendant and its employees, the court does not conclude that the federal forum is significantly less convenient than the state forum.  Certainly, the distance does not constitute an "exceptional" circumstance necessary for the surrender of jurisdiction.

4

Defendant also contends that the state court case is further along in terms of discovery and that it would be unfair to force defendant to litigate in two forums, citing "serious financial" concerns. This argument merely challenges the fact that plaintiff has parallel proceedings in state and federal court. The pendency of an action in state court, however, is no bar to proceedings concerning the same matter in a federal court having jurisdiction. *See Colorado River*, 424 U.S. at 817; *Fox*, 16 F.3d at 1082 ("The existence of proceedings in state court does not by itself preclude parallel proceedings in federal court.").

The remaining factors identified by the Supreme Court are either neutral or simply not relevant to this case. Thus, because federal-law issues predominate in this case and because no exceptional circumstances exist justifying the surrender of jurisdiction, the court denies defendant's motion in its entirety.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion to dismiss or, in the alternative to stay (doc. 9) is denied.

**IT IS SO ORDERED.**

Dated this 23rd day of June, 2005, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge