IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| Karen Morland, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 04-2610-JWL |
| ) | |
| Farmers State Bank, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is presently before the court on plaintiff's motion for leave to amend her complaint out of time (doc. 30)–a motion on referral from Magistrate Judge O'Hara. On September 26, 2005, Judge O'Hara issued his report and recommendation, recommending that the court deny plaintiff's motion for leave to amend her complaint out of time. Thereafter, plaintiff filed a timely objection to the report and recommendation (doc. 50) and the defendant filed a response to the plaintiff's objections (doc. 51). As explained below, the court overrules plaintiff's objections and adopts in its entirety the report and recommendation of Judge O'Hara.

The standards this court must employ when reviewing objections to the report and recommendation are clear. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72. Only those portions of the report and recommendation that have been specifically identified as objectionable will be reviewed. *See Garcia v. City of Albuquerque*, 232 F.3d 760, 766-67 (10th Cir. 2000). The review of those identified portions is de novo, and the court must "consider relevant evidence of record and not merely review the magistrate judge's recommendation." *See Griego v. Padilla*, 64 F.3d 580, 584 (10th Cir. 1995).

Plaintiff's motion seeks leave to amend Count I of the complaint "by interlineation" to include a claim under the Equal Pay Act ("EPA"). Plaintiff claims that her amendment is "for clarification purposes," however, this court agrees with Judge O'Hara that the existing complaint was insufficient to put defendant on notice of the EPA claim, thus the proposed additions constitute a new claim.

Judge O'Hara recommends denying the motion on the grounds that the plaintiff has failed to meet her burden of showing "good cause" under Fed. R. Civ. P. 16(b) because she did not offer an adequate explanation for the delay and prove that the deadline could not have been met with diligence. Judge O'Hara explains in his report that, although not required to deny the motion when filed out of time, the defendant would be unfairly prejudiced if the leave to amend were granted so late in the case. He concludes that the difficulties posed to the court and the defendant have not been outweighed by any credible argument presented by the plaintiff. Judge O'Hara does not accept the plaintiff's claim that the amendment is merely clerical in nature. The original complaint clearly laid out the separate and distinct claims without mention of the EPA claim. The EPA claim has altogether different elements, affirmative defenses, and statute of limitations from the sex, age, and disability claims.

In her first three objections, plaintiff states that she does not agree with the recommendation to deny her motion and that the factual and legal conclusions drawn by Judge O'Hara were wrong. Plaintiff provides no legal basis or authority for these objections and they are overruled. The court rejects each of these arguments for the reasons set forth by Judge O'Hara in his report and recommendation.

2

In her fourth objection, plaintiff suggests a reason for the delay in filing her motion to amend. However, as noted by the defendant in its response, because that offered explanation was raised for the first time in the objection, it is deemed waived, and this court will not consider the issue. *See, e.g., Marshall v. Chater*, 75 F.3d 1421, 1426-27 (10th Cir. 1996). The objection is overruled.

Plaintiff's fifth objection is overruled because this court does not agree that the defendant had proper notice of the EPA claim at the time of the deposition. The EPA claim was not part of the lawsuit and there was no opportunity to adequately prepare for the deposition.

Finally, plaintiff argues that prejudice has not been shown to the opposing party. There is no requirement that prejudice to the opposing party be demonstrated. A denial based on untimeliness is sufficient when the good cause standard under Rule 16(b) has not been met. However, this court finds that sufficient prejudice would exist if the motion for leave to amend were granted at this stage of the case, and thus the motion should be denied under Rule 15(a).

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's objections to the report and recommendation of Judge O'Hara (doc. 50) are overruled and the report and recommendation is adopted in its entirety. Specifically, plaintiff's motion for leave to amend her complaint out of time (doc. 30) is denied.

**IT IS SO ORDERED** this 2nd day of November, 2005.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

4